UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-415-JBC

VIVIAN JANET BOWMAN                                       PLAINTIFF

VS:                  **MEMORANDUM OPINION AND ORDER**

PATTI TIPTON COMPANY                              DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Vivian Janet Bowman has submitted a *pro se* complaint and motion to proceed *in forma pauperis*. Both are suitable for disposition, as the court has reviewed the Plaintiff's financial information and has screened the complaint pursuant to 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).[1] For the reasons set forth below, the court will grant the plaintiff's motion but dismiss her complaint.

**PLAINTIFF'S ALLEGATIONS**

In the instant complaint Bowman names the Patty Tipton Company, which purportedly does business in Lexington, Kentucky, and in Indiana, as the sole defendant. The plaintiff alleges that on August 18, 2009, the "defendant intentionally

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

did physical injury assault & battery – illegal attack (by beating & wounding) on the Plaintiff while I was working & employed by Patty Tipton."

Plaintiff states that she went to the emergency room of a local hospital, where she was treated for an eye injury and incurred medical expenses. She claims that a doctor at the hospital told her that the expenses would be covered by the defendant's workers' compensation and gave her documents to fill out for such coverage.

However, the plaintiff alleges, when she took the workers' compensation paperwork to Ms. Tipton, "she attacked me again." Plaintiff alleges that since then, she has been harassed by bill collectors about the medical debts; the Tipton Company's human resource department has threatened to slander her and prevent her from ever having employment; and she continues "having medical problems because of this injury."

Bowman has attached several exhibits to support her claims. These include pay stubs reflecting her work for the Patty Tipton Company; a picture of Patty Tipton from an advertisement in a telephone book; and instructions for care for an eye abrasion from the local hospital's emergency room on the date alleged in her complaint.

## DISCUSSION

Plaintiff is advised that the federal courts are courts of limited jurisdiction. As a general matter, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In this case, the plaintiff has engaged largely in name-calling. Liberally construing her complaint, the court finds that she has alleged, at best, assault, battery, disreputable conduct, a fraud, breach of contract, and a violation of State workers' compensation law. Even taking the plaintiff's allegations and the court's construction to be true, however, the court finds no claim that a federal law was broken by the defendant. These are all State law claims.

The instant plaintiff has not set forth her federal basis for this complaint to be brought in federal court, *i.e,* what portion of the U.S. Constitution or which statute or treaty was violated by the defendant. Without a federal basis, this court is without jurisdiction to entertain the complaint in this case, and *sua sponte* dismissal is proper upon a district court's discovery of lack of subject matter jurisdiction. *Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Morrison v. Tomano*, 755 F.2d 515 (6th Cir. 1985).

This is simply a dispute between private parties. To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He or she must show, first, the deprivation of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him/her of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994). This plaintiff has failed to allege either element.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. Plaintiff's motion to proceed *in forma pauperis* [Record No. 3] is **GRANTED**.

2. This action will be **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion and order in favor of the defendant.

Signed on April 28, 2010

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY